IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>NICHOLAS F. PECK, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO SEVER<br><br><br><br><br><br>Case No. 2:07-CR-173 TS |

This matter comes before the Court subsequent to a December 11, 2008, hearing on *James*[1] issues and on Motions to Sever by Defendants Nicholas F. Peck, Abraham J. Elliot, John P. Guerrero, and Caesar Martinez.   At the hearing, the government submitted a proffer of the information they intended to introduce under Federal Rule of Evidence 801(d)(2)(E).  Defendants were to file all related memoranda by January 15, 2009, and the government was to file their reply by January 26, 2009.  Of the four defendants present at the December 11, 2008, hearing, only Guerrero submitted a Reply Memorandum in Support of Motion to Sever, on January 26, 2009, to which the government responded on January 29, 2009.  For the reasons discussed below, Guerrero's Motion to Sever will be denied.

---

[1]*United States v. James*, 590 F.2d 575 (5th Cir.), *cert. denied*, 442 U.S. 917 (1979).

1

## I.  FACTUAL BACKGROUND

The government alleges a scheme by Defendant Guerrero and co-defendants to steal cars. Co-defendant Peck would obtain key codes from an unwitting source at a Las Vegas Chevrolet dealership, who in turn obtained them by using a computer terminal and accessing electronic information available through the dealership's network.  The key codes were then either sold to others or used to steal the corresponding vehicles in the Las Vegas and Salt Lake City areas.  In addition to the scheme thus alleged, the government also alleges various crimes committed by co-defendants related to the scheme, including conspiracy to transport stolen vehicles, possession of stolen motor vehicles, computer access fraud, wire fraud, conspiracy to distribute a controlled substance by co-defendant Peck and two others, and possession of a firearm by a co-defendant.

## II.  DISCUSSION

Guerrero requests severance primarily on the grounds that he will be prejudiced by the spillover effect of the accumulation and presentation of evidence against other Defendants. Specifically, Guerrero argues that the evidence of the drug conspiracy and firearms possession will unfairly prejudice the jury against him.

Under Rule 8(b) of the Federal Rules of Criminal Procedure, a single indictment may charge multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." However, under Rule 14(a) "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

The Tenth Circuit follows the general rule that individuals charged together should be tried together.[2]  Moreover, "in a conspiracy trial it is preferred that persons charged together be tried together."[3]  A defendant wishing to obtain severance must show actual prejudice at trial will result from failure to sever the trials.[4]  However, "[n]either a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence that was overwhelming or more damaging against the codefendant than that against the moving party is sufficient to warrant severance."[5]  "Indeed, absent a showing of clear prejudice, a joint trial of the defendants who are charged with a single conspiracy in the same indictment is favored where proof of the charge is predicated upon the same evidence and alleged acts."[6]

Here, the Court finds that Guerrero has failed to make the required showing of clear prejudice required to sever his trial or to sever the drug and firearms counts.  The government has met its burden for joinder under Rule 8 of the Federal Rules of Criminal Procedure by alleging that Guerrero and co-defendants "participated in the same act or transaction,"[7] and that the Counts in the indictment "constitute parts of a common scheme or plan."[8]

---

[2]*See United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985).

[3]*United States v. Scott*, 37 F.3d 1564, 1576 (10th Cir. 1994).

[4]*United States v. Hack*, 782 F.2d 862, 870 (10th Cir. 1986).

[5]*Id*. (internal citation omitted).

[6]*Id*. at 871.

[7]Fed. R. Crim. Pro. 8(b).

[8]Fed. R. Crim. Pro. 8(a).

Guerrero argues, however, that the government intends to introduce, in connection with the drug counts, evidence of "highly opprobrious and frightening crimes." Guerrero also argues that the government has no evidence that he was aware of or participated in any drug activity or possession of firearms. Even assuming *arguendo* that Guerrero accurately represents the state of the evidence, that is insufficient, alone, to warrant severance. Guerrero must make a showing of clear prejudice, and Guerrero has failed to do so.

In *United States v. Jones*,[9] the Tenth Circuit addressed whether denial of a motion for severance on the grounds that drug and firearm evidence would prejudice the defendant's defense "by way of a spillover effect."[10] The Tenth Circuit concluded that the district court did not commit plain error by denying severance because the district court gave a limiting instruction and because evidence of the drug and firearms violations "would not have helped the government establish the elements of bank fraud and conspiracy beyond a reasonable doubt."[11]

Guerrero argues, however, that his case is more similar to *United States v. Baker*,[12] where the Eighth Circuit required severance. Guerrero claims that the Eighth Circuit, in *Baker*, declared that spillover effect becomes prejudicial when it allows the introduction of evidence against co-defendants that would be inadmissible against the movant. This misstates the holding of the Eighth Circuit, which stated that it was the admission of co-conspirator statements when the defendant was not charged with a conspiracy, which led to the undue prejudice. Guerrero is charged with

---

[9]530 F.3d 1292 (10th Cir. 2008).

[10]*Id.* at 1301-02.

[11]*Id.* at 1303.

[12]98 F.3d 330 (8th Cir. 1996).

4

conspiracy, and has not successfully challenged the admissibility of any of the *James* evidence proffered by the government in the December 11, 2008, hearing.

The Court finds that a limiting instruction will be sufficient to cure any unfair prejudice caused by the introduction of evidence against co-defendants relative to the drug and firearms charges. The Court also finds that any such evidence will not help the government prove its wire fraud and conspiracy claims against Guerrero beyond a reasonable doubt.

### III. CONCLUSION

It is therefore

ORDERED that Defendant Guerrero's Motion to Sever Defendant's Trial from Co-Defendant's Trial and/or to Sever Counts (Docket No. 265) is DENIED. It is further

ORDERED that the Motion to Sever filed by Defendants Nicholas F. Peck, Abraham J. Elliot, and Caesar Martinez (Docket No. 292) is DENIED as moot. It is further

ORDERED that the Motion for *James* Hearing, filed by Defendant Caesar Martinez (Docket No. 291) is DENIED as moot.

DATED   February 3, 2009.

BY THE COURT:

TED STEWART
United States District Judge

5