IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> NICHOLAS F. PECK, ABRAHAM J. ELLIOTT, LEVI B. ELLIOTT, CEDRIC DUANE BURKS, JOHN P. GUERRERO, and CAESAR MARTINEZ, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECONSIDER <br><br><br> Case No. 2:07-CR-173 TS |

This matter is before the Court on the government's Motion to Reconsider the Court's March 6, 2009, Memorandum Decision and Order on *James* Issues.[1] The government requests that the Court modify its Order to allow certain co-conspirator statements to be admitted against Defendants Burks and Guerrero. Specifically, the government requests that the Court modify its Order to reflect the existence of two separate, but interconnected, conspiracies, rather than the single conspiracy which was the basis of the Court's Order. For the reasons set forth below, the Court will deny the government's Motion.

---

[1] Docket No. 345.

1

I. STANDARD OF REVIEW

A motion to reconsider on an issue decided prior to final judgment should be granted when necessary to correct legal errors in the Court's prior decision, when the Court relied on clearly erroneous factual findings, or when there is no rational basis in the evidence for the Court's prior decision.[2]

II. BACKGROUND

The original Indictment in this case included charges of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349 and 1343, and conspiracy to transport stolen motor vehicles in interstate commerce, in violation of 18 U.S.C. §§ 371 and 2312.[3] After an initial *James* hearing was held to determine the admissibility of certain co-conspirator statements, the government filed a Superceding Indictment, which included charges of conspiracy to transport motor vehicles in interstate commerce, in violation of 18 U.S.C. §§ 371 and 2312, conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841 and 846, and general allegations of a conspiracy to engage in wire fraud, in violation of 18 U.S.C. § 1343.[4]

After a second *James* hearing, the Court issued its Order, in which it relied on the assumption that the government was alleging a single conspiracy which encompassed both vehicle theft and drug-related activities. In that Order, the Court held that the government had failed to show that Defendants Burks and Guerrero were aware of the full extent of the conspiracy, in that there was insufficient evidence to prove that either Burks or Guerrero was aware of the drug activities of other

---

[2] *Nova Health Sys. v. Edmondson*, 460 F.3d 1295, 1299 (10th Cir. 2006).

[3] Docket No. 7.

[4] Docket No. 216.

co-conspirators. In it's Motion to Reconsider, the government argues that it had never charged a single conspiracy, but rather two interlocking conspiracies, and that Burks and Guerrero were aware of the extent of the car theft conspiracy. The government therefore requests that the Court modify its Order to reflect that Burks and Guerrero were part of the car theft conspiracy and, therefore, co-conspirator statements regarding the car theft conspiracy are admissible against Burks and Guerrero.

### III.  DISCUSSION

The government disputes only the Court's factual foundation for its legal holding, namely the factual finding that the government alleged a single conspiracy, rather than two interlocking conspiracies. Because the Court does not believe that its factual finding was clearly erroneous, the government's Motion will be denied. However, because the Court finds that there is some evidence to support the government's claim of two interlocking conspiracies, it will allow the government to attempt to lay the proper foundation, at trial, for the admissibility of alleged coconspirator statements against Burks and Guerrero.

Prior to the addition of the drug-related charges, it is undisputed that the government alleged a single enterprise to traffic in stolen vehicles, and that the charged conspiracies to commit wire fraud and transport stolen vehicles were merely parts of a single, larger enterprise. Once the drug-related conspiracy charges were added, however, it becomes much less clear precisely what the government is alleging.

Unfortunately, the government does not clarify matters when it declares that

> [n]otwithstanding the government's argument that the drug activity charged in Count 8 and the wire fraud charged in Count 1 [of the Superceding Indictment] are inextricably intertwined, . . . the government has not *charged* a single, over-arching conspiracy involving drugs and vehicles . . . . Rather, what the government has

*alleged* is two interlocking conspiracies, whose participants–and the evidence of which–overlap, but are not co-extensive.[5]

Taken on its face, the first assertion is correct–the Superceding Indictment includes not one but two separate conspiracy *charges*, one for conspiracy to distribute drugs and one for conspiracy to transport stolen motor vehicles. However, the original Indictment included two separate conspiracy charges and a general allegation of an additional conspiracy, but it is undisputed that the government was alleging a single enterprise, rather than three interlocking conspiracies. Therefore, while the government is accurate in stating that it has never *charged* a single, over-arching conspiracy, that is not dispositive of whether the government has *alleged* a single enterprise containing both car theft and drug distribution elements, or whether it has *alleged* two interlocking conspiracies.

The government repeatedly made assertions during briefing on the Defendants' *James* Motions and Motions to Sever that support a factual finding of a single conspiracy. "It is the government's theory of this case–supported by substantial evidence–that narcotics dealing was *an integral part* of the illegal activity in this case."[6] "Here, the evidence demonstrates an *over-all conspiracy* to commit wire fraud . . . and a conspiracy to distribute cocaine as alleged in Count 8."[7]

Moreover, at least two Defendants also appear to have understood the government's position to be that a single, over-arching conspiracy existed, and those Defendants argued accordingly. "The government attempts to characterize the conspiracy in the broadest terms so as to expand the scope of the indictment . . . ."[8] Defendant Guerrero, in his Memorandum in Support of Motion to Sever,

---

[5] Docket No. 352 at 5 (emphasis added).

[6] Docket No. 320 at 11 (emphasis added).

[7] *Id.* at 14.

[8] Docket No. 292 at 5.

argued that joinder was improper because the wire fraud activities for which Guerrero was charged were not part of a common scheme with the drug-related activities of alleged co-conspirators.[9]

However, the government has also offered statements which argue in favor of a factual finding that there were two interlocking conspiracies rather than a single, over-arching conspiracy. As noted above, the Superceding Indictment contains a separate drug distribution conspiracy count, and the government stated in its Memorandum in Opposition to Defendant's Motion to Sever that "a great deal of the evidence of a drug distribution conspiracy is tied up in the evidence relating to the auto-theft operation."[10] In the same document, the government also states that the "broad scheme to steal motor vehicles . . . gave rise to the *majority* of the charges in the Superceding Indictment,"[11] indicating the possibility that some of the counts charged in the Superceding Indictment are not part of the car theft scheme. However, the evidence in favor of multiple conspiracies is countered somewhat by the continued reference in the same document to "drug distribution *conduct*"[12] and "drug conspiracy . . . *counts*,"[13] rather than specifically arguing the existence of multiple, but overlapping conspiracies. Furthermore, the government, in its final briefing to the Court prior to the Court's ruling on *James* issues, restated those alleged co-conspirator statements which included

---

[9]Docket No. 266 at 2-5.

[10]Docket No. 290 at 8.

[11]*Id.* at 4 (emphasis added).

[12]*Id.* at 6 (emphasis added).

[13]*Id.* at 8 (emphasis added).

5

drug-related topics, which had been previously submitted,[14] as well as arguments supporting the participation of each Defendant in the conspiracy.

In its March 31, 2009 Order, the Court agreed, in large part, with what it believed, at the time, to be the argument of the government. The Court held that "*a* conspiracy existed"[15] and that the statements and accompanying arguments were sufficient to prove that each Defendant except Burks and Guerrero knew about the drug activities of the conspiracy. The Court also held that all co-conspirator statements were therefore admissible against all Defendants except Burks and Guerrero, who were not part of *a* criminal enterprise which encompassed both "auto-theft conduct" and "drug distribution conduct."[16] These holdings were necessary if, as the government asserted, "that narcotics dealing was *an integral part* of the illegal activity in this case."[17] While the government's briefs contain some evidence that it has argued multiple conspiracies, it is insufficient to show that the Court's finding of a single, over-arching conspiracy was clearly erroneous. Therefore, the Government's Motion for Reconsideration will be denied.

As described above, however, there is some evidence supporting the existence of two interlocking conspiracies. Therefore, the Court will allow the government to present evidence at trial regarding the existence of two interlocking conspiracies. If the government is able, at trial, to lay a proper foundation for the admissibility of the alleged auto-theft co-conspirator statements against Burks and Guerrero, the Court will revisit the issue of its admissibility.

---

[14]Docket No. 320 at 2-5.

[15]*Id.* at 18 (emphasis added).

[16]Docket No. 290 at 6.

[17]Docket No. 320 at 11.

## IV. CONCLUSION

It is therefore

ORDERED that the government's Motion for Reconsideration (Docket No. 352) is DENIED, subject to the conditions described above.

DATED   April 20, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge